Mr. Justice Clayton
delivered the opinion of the court.
This was a motion to dismiss for want of jurisdiction. An issue was made up in the probate court of Hancock county, and sent to the circuit court for trial. After the verdict had been rendered in the circuit court, that court gave a judgment in accordance therewith, in favor of the administrator, that he go hence without day, and recover costs. By the statute the judgment upon the verdict must be rendered by the probate court, H. & H. 472, sec. 18; and the judgment of the circuit court is a nullity, because not in accordance with the power entrusted to it by the statute in this sort of case. The power and duty of the circuit court were to certify the finding of the jury upon the issue, to the probate court, that judgment might be rendered in that tribunal. As no judgment could properly be pronounced in the circuit court, for lack of jurisdiction, the writ of error gives no jurisdiction to this court, and the cause ¡must be stricken from the docket.
The effect of this will be, that the parties will stand precisely as they did when the verdict of the jury was rendered. The verdict must be Certified to the probate court, when and where an application may be made for a new trial. Apthorp v. Comstock, 2 Paige, 487. Barker v. Ray et al, 3 Con. Eng. Ch. R. *154 63; 2 Rob. Prac. 356. If refused, and the case be finally disposed of, the whole proceedings may be brought up to this court for revision in all their parts.
Motion sustained and cause stricken from docket.